**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 16 2017

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| KENNETH J. COLEMAN, | § | |
| MARCUS T. WEATHERSBY | § | **17 CR 0 1 5 6** |

## INDICTMENT

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

1.     Defendant KENNETH J. COLEMAN ("COLEMAN") resided within the jurisdiction of the Southern District of Texas.

2.     Defendant MARCUS T. WEATHERSBY ("WEATHERSBY") resided within the jurisdiction of the Southern District of Texas.

3.     Alex Oria resided within the jurisdiction of the Southern District of Texas.

4.     Green Valley Medical Distributors, LLC ("Green Valley"), was a Utah corporation incorporated on February 24, 2010, with office space located in St. George, Utah. Green Valley was a wholesale distribution company that purchased bottles of prescription medications from illegitimate sources and then sold those medications as "new" to pharmacies.

5.     Acacia Pharma Distributors, Inc. ("Acacia") was a Mississippi corporation incorporated on December 16, 2010. Acacia was a wholesale distribution company that purchased bottles of prescription medications from illegitimate sources and then sold those medications to other wholesale distribution companies, including Green Valley. Acacia had a physical office in D'Iberville, Mississippi; however, Acacia primarily transacted business within Harris County, Texas.

6.     Four Corner Suppliers, Inc. ("Four Corner") was a Mississippi corporation incorporated on July 14, 2011. Four Corner was a wholesale distribution company that purchased bottles of prescription medications from illegitimate sources and then sold those medications to other wholesale distribution companies, including Green Valley. Four Corner had a physical office in Gulfport, Mississippi; however, Four Corner primarily transacted business within Harris County, Texas.

7.     Capital One Bank ("Capital One") was a financial institution headquartered in McLean, Virginia, which provided a wide range of consumer financial services, including

banking services and consumer and commercial loans. Capital One's deposit accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

8.      Acacia maintained business checking accounts, account number ending in 7858 and 7866, with Capital One. Marcus Weathersby was the sole signatory to the Capital One accounts ending in 7858 and 7866.

9.      Wells Fargo Bank ("Wells Fargo") was a financial institution headquartered in San Francisco, California, which provided a wide range of consumer financial services, including banking services and consumer and commercial loans. Wells Fargo's deposit accounts were insured by the FDIC.

10.     Acacia maintained a business checking account, account number ending in 6320, with Wells Fargo. Marcus Weathersby was the sole signatory to the Wells Fargo account ending in 6320.

11.     Four Corner maintained business checking accounts, account numbers ending in 2420 and 0622, with Wells Fargo. A co-conspirator ("CC-1") known to the grand jury was the sole signatory to the Wells Fargo accounts ending in 2420 and 0622.

12.     JP Morgan Chase Bank, N.A. ("Chase") was a financial institution headquartered in New York, New York, which provided a wide range of consumer financial services, including banking services and consumer and commercial loans.

13.     Chase's deposit accounts were insured by the FDIC.

14.     Four Corner maintained business checking accounts, account numbers ending in 7268 and 7479, with Chase. CC- 1was the sole signatory to the Chase accounts ending in 7268 and 7479.

15.     Comerica Bank ("Comerica") was a financial institution headquartered in Dallas, Texas, which provided a wide range of consumer financial services, including banking services and consumer and commercial loans. Comerica's deposit accounts were insured by the FDIC.

16.     Four Corner maintained a business checking account, account number ending in 4261, with Comerica, a domestic financial institution. CC- 1was the sole signatory to the Comerica account ending in 4261.

17.     The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the tax laws and collecting taxes owed to the United States.

18.     Financial institutions that engaged in a currency transaction involving more than $10,000 in U.S. currency were and are required by law to file a report of the transaction, known as a Currency Transaction Report ("CTR"), with the United States Department of the Treasury.

## COUNT ONE
## (Conspiracy to Structure Currency Transactions)

19.     Paragraphs 1– 17 are re-alleged and incorporated by reference herein.

20.     Beginning on or about February 4, 2011, and continuing through on or about July 21, 2012, in Harris County, in the Southern District of Texas and elsewhere, KENNETH J. COLEMAN and MARCUS T. WEATHERSBY, the defendants herein, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree together and with each other for the purpose of evading the reporting requirements established under 31 U.S.C. Section 5313(a), and the regulations promulgated thereunder, to cause and attempt to cause a domestic financial institution to fail to file a report required under section 5313(a) or 5325, or any regulation prescribed under such section, or to file a report or to maintain a record required by an order issued under section 5326, and to knowingly structure, attempt to structure, and assist in structuring at a domestic financial institution subject to the reporting requirements of 31 U.S.C. Section 5313(a), in violation of Title 31, United States Code, Sections 5324(a)(l), (a)(3), and (d)(l), and thereafter performed one or more acts in furtherance of the object of their conspiracy.

### Object of the Conspiracy

21.     It was the purpose and object of the conspiracy, among others, for the defendants and their co-conspirators to enrich themselves by depositing the proceeds generated from the fraudulent sale of second-hand prescription medications and making multiple cash withdrawals of U.S. Currency from business bank accounts in a manner that evaded the filing of a CTR by the bank.

### Manner and Means

22.     COLEMAN, WEATHERSBY and others would and did file and cause the filing of articles of incorporation to create nominee corporations.

23.     COLEMAN, WEATHERSBY and others would and did open and cause others to open business checking accounts with Capital One, Wells Fargo, Chase, and Comerica titled in the names of the nominee corporations.

24.     COLEMAN, WEATHERSBY and others would and did withdraw not more than $10,000 in any one cash withdrawal in order to avoid the filing of CTRs by these financial institutions.

25.     COLEMAN would and did pay WEATHERSBY and others to conduct banking transactions to benefit COLEMAN.

26.     WEATHERSBY and others would and did deliver the cash withdrawn from the business checking accounts titled in the names of the nominee corporations to COLEMAN.

**Overt Acts**

27.     In furtherance of the conspiracy and to effect the objects thereof, and as directed by COLEMAN, WEATHERSBY and others made cash withdrawals of U.S. currency as more fully set forth in the chart below, each subparagraph constituting a separate overt act:

| Paragraph | Company | Financial Institution | Account Ending | Date | Amount Withdrawn |
|---|---|---|---|---|---|
| 27-A | Acacia | Capital One | 7858 | Friday, February 04, 2011 | $9,500.00 |
| 27-B | Acacia | Capital One | 7858 | Tuesday, February 08, 2011 | $9,275.00 |
| 27-C | Acacia | Capital One | 7858 | Tuesday, February 08, 2011 | $8,500.00 |
| 27-D | Acacia | Capital One | 7858 | Friday, February 11, 2011 | $3,261.00 |
| 27-E | Acacia | Capital One | 7858 | Monday, February  28, 2011 | $9,500.00 |
| 27-F | Acacia | Capital One | 7858 | Monday, February  28, 2011 | $3,000.00 |
| 27-G | Acacia | Capital One | 7858 | Friday, March 04, 2011 | $9,500.00 |
| 27-H | Acacia | Capital One | 7858 | Thursday, March 10, 2011 | $8,500.00 |
| 27-I | Acacia | Capital One | 7858 | Friday, March 11, 2011 | $8,500.00 |
| 27-J | Acacia | Capital One | 7858 | Friday, March 11, 2011 | $3,580.38 |
| 27-K | Acacia | Capital One | 7866 | Tuesday, March 22, 2011 | $7,500.00 |
| 27-L | Acacia | Capital One | 7866 | Wednesday, March 23, 2011 | $6,600.00 |
| 27-M | Acacia | Capital One | 7866 | Wednesday, March 23, 2011 | $2,400.00 |
| 27-N | Acacia | Capital One | 7866 | Thursday, March 24, 2011 | $2,000.00 |
| 27-O | Acacia | Capital One | 7866 | Friday, March 25, 2011 | $3,000.00 |
| 27-P | Acacia | Capital One | 7866 | Friday, March 25, 2011 | $2,500.00 |
| 27-Q | Acacia | Capital One | 7866 | Friday, March 25, 2011 | $2,000.00 |
| 27-R | Acacia | Capital One | 7866 | Monday, March 28, 2011 | $9,000.00 |
| 27-S | Acacia | Capital One | 7866 | Tuesday, March 29, 2011 | $9,000.00 |
| 27-T | Acacia | Capital One | 7866 | Wednesday, March 30, 2011 | $6,000.00 |
| 27-U | Acacia | Capital One | 7866 | Thursday, March 31, 2011 | $9,000.00 |
| 27-V | Acacia | Capital One | 7866 | Monday, April 04, 2011 | $9,500.00 |
| 27-W | Acacia | Capital One | 7866 | Monday, April 04, 2011 | $9,000.00 |
| 27-X | Acacia | Capital One | 7866 | Tuesday, April 05, 2011 | $9,000.00 |
| 27-Y | Acacia | Capital One | 7866 | Wednesday, April 06, 2011 | $9,500.00 |
| 27-Z | Acacia | Capital One | 7866 | Thursday, April 07, 2011 | $9,500.00 |
| 27-AA | Acacia | Capital One | 7866 | Friday, April 08, 2011 | $9,500.00 |
| 27-AB | Acacia | Capital One | 7866 | Monday, April 11, 2011 | $9,500.00 |
| 27-AC | Acacia | Capital One | 7866 | Monday, April 11, 2011 | $9,000.00 |
| 27-AD | Acacia | Capital One | 7866 | Tuesday, April 12, 2011 | $9,000.00 |

| Paragraph | Company | Financial Institution | Account Ending | Date | Amount Withdrawn |
|-----------|---------|----------------------|----------------|------|------------------|
| 27-AE | Acacia | Capital One | 7866 | Wednesday, April 13, 2011 | $9,500.00 |
| 27-AF | Acacia | Capital One | 7866 | Thursday, April 14, 2011 | $9,500.00 |
| 27-AG | Acacia | Capital One | 7866 | Friday, April 15, 2011 | $9,700.00 |
| 27-AH | Acacia | Capital One | 7866 | Monday, April 18, 2011 | $9,785.37 |
| 27-AI | Acacia | Capital One | 7866 | Monday, April 18, 2011 | $9,625.00 |
| 27-AJ | Acacia | Wells Fargo | 6320 | Monday, April 18, 2011 | $9,500.00 |
| 27-AK | Acacia | Capital One | 7866 | Tuesday, April 19, 2011 | $9,500.00 |
| 27-AL | Acacia | Wells Fargo | 6320 | Tuesday, April 19, 2011 | $9,500.00 |
| 27-AM | Acacia | Capital One | 7866 | Wednesday, April 20, 2011 | $9,000.00 |
| 27-AN | Acacia | Wells Fargo | 6320 | Wednesday, April 20, 2011 | $9,500.00 |
| 27-AO | Acacia | Wells Fargo | 6320 | Wednesday, April 20, 2011 | $9,500.00 |
| 27-AP | Acacia | Capital One | 7866 | Thursday, April 21, 2011 | $9,500.00 |
| 27-AQ | Acacia | Wells Fargo | 6320 | Thursday, April 21, 2011 | $9,500.00 |
| 27-AR | Acacia | Wells Fargo | 6320 | Thursday, April 21, 2011 | $6,753.36 |
| 27-AS | Acacia | Capital One | 7866 | Friday, April 22, 2011 | $9,432.78 |
| 27-AT | Acacia | Wells Fargo | 6320 | Friday, April 22, 2011 | $9,735.87 |
| 27-AU | Acacia | Capital One | 7866 | Monday, April 25, 2011 | $9,500.00 |
| 27-AV | Acacia | Wells Fargo | 6320 | Monday, April 25, 2011 | $9,500.00 |
| 27-AW | Acacia | Capital One | 7866 | Tuesday, April 26, 2011 | $9,500.00 |
| 27-AX | Acacia | Wells Fargo | 6320 | Tuesday, April 26, 2011 | $7,500.00 |
| 27-AY | Acacia | Capital One | 7866 | Wednesday, April 27, 2011 | $9,500.00 |
| 27-AZ | Acacia | Wells Fargo | 6320 | Wednesday, April 27, 2011 | $9,500.00 |
| 27-BA | Acacia | Capital One | 7866 | Thursday, April 28, 2011 | $9,500.00 |
| 27-BB | Acacia | Capital One | 7866 | Friday, April 29, 2011 | $9,600.00 |
| 27-BC | Acacia | Wells Fargo | 6320 | Friday, April 29, 2011 | $9,700.00 |
| 27-BD | Acacia | Capital One | 7866 | Tuesday, May 03, 2011 | $9,500.00 |
| 27-BE | Acacia | Capital One | 7866 | Tuesday, May 03, 2011 | $9,500.00 |
| 27-BF | Acacia | Wells Fargo | 6320 | Tuesday, May 03, 2011 | $9,300.00 |
| 27-BG | Acacia | Capital One | 7866 | Wednesday, May 04, 2011 | $9,500.00 |
| 27-BH | Acacia | Wells Fargo | 6320 | Wednesday, May 04, 2011 | $5,000.00 |
| 27-BI | Acacia | Capital One | 7866 | Thursday, May 05, 2011 | $9,500.00 |
| 27-BJ | Acacia | Wells Fargo | 6320 | Thursday, May 05, 2011 | $7,000.00 |
| 27-BK | Acacia | Capital One | 7866 | Friday, May 06, 2011 | $9,000.00 |
| 27-BL | Acacia | Capital One | 7866 | Monday, May 09, 2011 | $9,000.00 |
| 27-BM | Acacia | Wells Fargo | 6320 | Monday, May 09, 2011 | $9,000.00 |
| 27-BN | Acacia | Wells Fargo | 6320 | Tuesday, May 10, 2011 | $9,000.00 |

| Paragraph | Company | Financial Institution | Account Ending | Date | Amount Withdrawn |
|-----------|---------|-----------------------|----------------|------|------------------|
| 27-BO | Acacia | Capital One | 7866 | Tuesday, May 10, 2011 | $9,500.00 |
| 27-BP | Acacia | Capital One | 7866 | Thursday, May 12, 2011 | $9,500.00 |
| 27-BQ | Acacia | Capital One | 7866 | Thursday, May 12, 2011 | $9,500.00 |
| 27-BR | Acacia | Wells Fargo | 6320 | Thursday, May 12, 2011 | $9,500.00 |
| 27-BS | Acacia | Capital One | 7866 | Friday, May 13, 2011 | $9,000.00 |
| 27-BT | Acacia | Wells Fargo | 6320 | Friday, May 13, 2011 | $9,000.00 |
| 27-BU | Acacia | Capital One | 7866 | Monday, May 16, 2011 | $9,000.00 |
| 27-BV | Acacia | Capital One | 7866 | Tuesday, May 17, 2011 | $9,500.00 |
| 27-BW | Acacia | Wells Fargo | 6320 | Tuesday, May 17, 2011 | $9,500.00 |
| 27-BX | Acacia | Capital One | 7866 | Wednesday, May 18, 2011 | $9,500.00 |
| 27-BY | Acacia | Wells Fargo | 6320 | Thursday, May 19, 2011 | $9,500.00 |
| 27-BZ | Acacia | Wells Fargo | 6320 | Thursday, May 19, 2011 | $9,500.00 |
| 27-CA | Acacia | Capital One | 7866 | Thursday, May 19, 2011 | $9,500.00 |
| 27-CB | Acacia | Capital One | 7866 | Friday, May 20, 2011 | $7,000.00 |
| 27-CC | Acacia | Wells Fargo | 6320 | Friday, May 20, 2011 | $9,500.00 |
| 27-CD | Acacia | Wells Fargo | 6320 | Monday, May 23, 2011 | $9,500.00 |
| 27-CE | Acacia | Capital One | 7866 | Tuesday, May 24, 2011 | $9,500.00 |
| 27-CF | Acacia | Capital One | 7866 | Tuesday, May 24, 2011 | $9,500.00 |
| 27-CG | Acacia | Wells Fargo | 6320 | Tuesday, May 24, 2011 | $9,500.00 |
| 27-CH | Acacia | Capital One | 7866 | Wednesday, May 25, 2011 | $9,500.00 |
| 27-CI | Acacia | Wells Fargo | 6320 | Thursday, May 26, 2011 | $9,000.00 |
| 27-CJ | Acacia | Capital One | 7866 | Friday, May 27, 2011 | $9,000.00 |
| 27-CK | Acacia | Wells Fargo | 6320 | Friday, May 27, 2011 | $9,500.00 |
| 27-CL | Acacia | Capital One | 7866 | Tuesday, May 31, 2011 | $9,500.00 |
| 27-CM | Acacia | Wells Fargo | 6320 | Tuesday, May 31, 2011 | $9,500.00 |
| 27-CN | Acacia | Capital One | 7866 | Wednesday, June 01, 2011 | $9,500.00 |
| 27-CO | Acacia | Capital One | 7866 | Wednesday, June 01, 2011 | $9,500.00 |
| 27-CP | Acacia | Wells Fargo | 6320 | Wednesday, June 01, 2011 | $9,500.00 |
| 27-CQ | Acacia | Capital One | 7866 | Thursday, June 02, 2011 | $9,500.00 |
| 27-CR | Acacia | Wells Fargo | 6320 | Thursday, June 02, 2011 | $9,500.00 |
| 27-CS | Acacia | Capital One | 7866 | Friday, June 03, 2011 | $9,500.00 |
| 27-CT | Acacia | Wells Fargo | 6320 | Friday, June 03, 2011 | $9,500.00 |
| 27-CU | Acacia | Capital One | 7866 | Monday, June 06, 2011 | $9,500.00 |
| 27-CV | Acacia | Wells Fargo | 6320 | Monday, June 06, 2011 | $9,500.00 |
| 27-CW | Acacia | Capital One | 7866 | Tuesday, June 07, 2011 | $9,500.00 |
| 27-CX | Acacia | Wells Fargo | 6320 | Tuesday, June 07, 2011 | $9,500.00 |

| Paragraph | Company | Financial Institution | Account Ending | Date | Amount Withdrawn |
|-----------|---------|----------------------|----------------|------|------------------|
| 27-CY | Acacia | Wells Fargo | 6320 | Wednesday, June 08, 2011 | $9,500.00 |
| 27-CZ | Acacia | Capital One | 7866 | Wednesday, June 08, 2011 | $9,500.00 |
| 27-DA | Acacia | Wells Fargo | 6320 | Thursday, June 09, 2011 | $9,500.00 |
| 27-DB | Acacia | Capital One | 7866 | Thursday, June 09, 2011 | $9,500.00 |
| 27-DC | Acacia | Wells Fargo | 6320 | Friday, June 10, 2011 | $9,500.00 |
| 27-DD | Acacia | Capital One | 7866 | Friday, June 10, 2011 | $9,500.00 |
| 27-DE | Acacia | Wells Fargo | 6320 | Monday, June 13, 2011 | $9,500.00 |
| 27-DF | Acacia | Capital One | 7866 | Monday, June 13, 2011 | $9,500.00 |
| 27-DG | Acacia | Capital One | 7866 | Wednesday, June 15, 2011 | $9,500.00 |
| 27-DH | Acacia | Wells Fargo | 6320 | Thursday, June 16, 2011 | $9,500.00 |
| 27-DI | Acacia | Wells Fargo | 6320 | Thursday, June 16, 2011 | $9,500.00 |
| 27-DJ | Acacia | Capital One | 7866 | Thursday, June 16, 2011 | $9,500.00 |
| 27-DK | Acacia | Wells Fargo | 6320 | Friday, June 17, 2011 | $9,500.00 |
| 27-DL | Acacia | Capital One | 7866 | Friday, June 17, 2011 | $9,500.00 |
| 27-DM | Acacia | Capital One | 7866 | Monday, June 20, 2011 | $9,500.00 |
| 27-DN | Acacia | Wells Fargo | 6320 | Tuesday, June 21, 2011 | $9,500.00 |
| 27-DO | Acacia | Wells Fargo | 6320 | Tuesday, June 21, 2011 | $9,500.00 |
| 27-DP | Acacia | Capital One | 7866 | Tuesday, June 21, 2011 | $9,500.00 |
| 27-DQ | Acacia | Wells Fargo | 6320 | Wednesday, June 22, 2011 | $9,500.00 |
| 27-DR | Acacia | Wells Fargo | 6320 | Thursday, June 23, 2011 | $9,500.00 |
| 27-DS | Acacia | Wells Fargo | 6320 | Thursday, June 30, 2011 | $9,500.00 |
| 27-DT | Acacia | Wells Fargo | 6320 | Friday, July 01, 2011 | $9,500.00 |
| 27-DU | Acacia | Wells Fargo | 6320 | Tuesday, July 05, 2011 | $9,500.00 |
| 27-DV | Acacia | Wells Fargo | 6320 | Thursday, July 07, 2011 | $9,500.00 |
| 27-DW | Acacia | Wells Fargo | 6320 | Friday, July 08, 2011 | $9,500.00 |
| 27-DX | Acacia | Wells Fargo | 6320 | Monday, July 11, 2011 | $9,500.00 |
| 27-DY | Acacia | Wells Fargo | 6320 | Tuesday, July 12, 2011 | $9,500.00 |
| 27-DZ | Acacia | Wells Fargo | 6320 | Wednesday, July 13, 2011 | $9,500.00 |
| 27-EA | Acacia | Wells Fargo | 6320 | Thursday, July 14, 2011 | $9,500.00 |
| 27-EB | Acacia | Wells Fargo | 6320 | Friday, July 15, 2011 | $9,500.00 |
| 27-EC | Acacia | Wells Fargo | 6320 | Monday, July 18, 2011 | $9,500.00 |
| 27-ED | Acacia | Wells Fargo | 6320 | Tuesday, July 19, 2011 | $9,500.00 |
| 27-EE | Acacia | Wells Fargo | 6320 | Wednesday, July 20, 2011 | $9,500.00 |
| 27-EF | Acacia | Wells Fargo | 6320 | Thursday, July 21, 2011 | $9,500.00 |
| 27-EG | Acacia | Wells Fargo | 6320 | Friday, July 22, 2011 | $9,500.00 |
| 27-EH | Acacia | Wells Fargo | 6320 | Monday, July 25, 2011 | $9,500.00 |

| Paragraph | Company | Financial Institution | Account Ending | Date | Amount Withdrawn |
|---|---|---|---|---|---|
| 27-EI | Acacia | Wells Fargo | 6320 | Tuesday, July 26, 2011 | $9,500.00 |
| 27-EJ | Acacia | Wells Fargo | 6320 | Wednesday, July 27, 2011 | $9,500.00 |
| 27-EK | Acacia | Wells Fargo | 6320 | Thursday, July 28, 2011 | $9,500.00 |
| 27-EL | Acacia | Wells Fargo | 6320 | Friday, July 29, 2011 | $9,500.00 |
| 27-EM | Acacia | Wells Fargo | 6320 | Monday, August 01, 2011 | $9,500.00 |
| 27-EN | Acacia | Wells Fargo | 6320 | Tuesday, August 02, 2011 | $9,500.00 |
| 27-EO | Acacia | Wells Fargo | 6320 | Wednesday, August 03, 2011 | $9,500.00 |
| 27-EP | Acacia | Wells Fargo | 6320 | Thursday, August 04, 2011 | $9,500.00 |
| 27-EQ | Acacia | Wells Fargo | 6320 | Friday, August 05, 2011 | $9,500.00 |
| 27-ER | Acacia | Wells Fargo | 6320 | Monday, August 08, 2011 | $9,500.00 |
| 27-ES | Acacia | Wells Fargo | 6320 | Tuesday, August 09, 2011 | $9,500.00 |
| 27-ET | Acacia | Wells Fargo | 6320 | Wednesday, August 10, 2011 | $9,500.00 |
| 27-EU | Acacia | Wells Fargo | 6320 | Thursday, August 11, 2011 | $9,500.00 |
| 27-EV | Acacia | Wells Fargo | 6320 | Friday, August 12, 2011 | $9,500.00 |
| 27-EW | Acacia | Wells Fargo | 6320 | Monday, August 15, 2011 | $9,500.00 |
| 27-EX | Acacia | Wells Fargo | 6320 | Friday, August 26, 2011 | $9,500.00 |
| 27-EY | Acacia | Wells Fargo | 6320 | Monday, August 29, 2011 | $6,000.00 |
| 27-EZ | Acacia | Wells Fargo | 6320 | Wednesday, August 31, 2011 | $9,500.00 |
| 27-FA | Acacia | Wells Fargo | 6320 | Thursday, September 01, 2011 | $1,125.00 |
| 27-FB | Acacia | Wells Fargo | 6320 | Thursday, September 01, 2011 | $9,500.00 |
| 27-FC | Acacia | Wells Fargo | 6320 | Friday, September 02, 2011 | $9,500.00 |
| 27-FD | Acacia | Wells Fargo | 6320 | Tuesday, September 06, 2011 | $9,500.00 |
| 27-FE | Acacia | Wells Fargo | 6320 | Thursday, September 08, 2011 | $9,500.00 |
| 27-FF | Acacia | Wells Fargo | 6320 | Wednesday, September 14, 2011 | $9,500.00 |
| 27-FG | Acacia | Wells Fargo | 6320 | Thursday, September 15, 2011 | $9,500.00 |
| 27-FH | Acacia | Wells Fargo | 6320 | Friday, September 16, 2011 | $9,500.00 |
| 27-FI | Acacia | Wells Fargo | 6320 | Monday, September 19, 2011 | $5,500.00 |
| 27-FJ | Acacia | Wells Fargo | 6320 | Friday, October 07, 2011 | $5,000.00 |
| 27-FK | Acacia | Wells Fargo | 6320 | Thursday, October 13, 2011 | $5,000.00 |
| 27-FL | Acacia | Wells Fargo | 6320 | Monday, December 05, 2011 | $5,000.00 |
| 27-FM | Acacia | Wells Fargo | 6320 | Friday, December 09, 2011 | $2,500.00 |
| 27-FN | Acacia | Wells Fargo | 6320 | Tuesday, December 13, 2011 | $5,000.00 |
| 27-FO | Acacia | Wells Fargo | 6320 | Friday, December 16, 2011 | $7,500.00 |
| 27-FP | Acacia | Wells Fargo | 6320 | Monday, December 19, 2011 | $9,000.00 |
| 27-FQ | Acacia | Wells Fargo | 6320 | Tuesday, December 27, 2011 | $9,500.00 |
| 27-FR | Acacia | Wells Fargo | 6320 | Friday, December 30, 2011 | $5,000.00 |

| Paragraph | Company | Financial Institution | Account Ending | Date | Amount Withdrawn |
|-----------|---------|----------------------|----------------|------|------------------|
| 27-FS | Acacia | Wells Fargo | 6320 | Tuesday, January 03, 2012 | $9,500.00 |
| 27-FT | Acacia | Wells Fargo | 6320 | Friday, January 06, 2012 | $1,600.00 |
| 27-FU | Acacia | Wells Fargo | 6320 | Friday, January 13, 2012 | $4,900.00 |
| 27-FV | Acacia | Wells Fargo | 6320 | Tuesday, January 17, 2012 | $9,500.00 |
| 27-FW | Acacia | Wells Fargo | 6320 | Monday, January 23, 2012 | $9,500.00 |
| 27-FX | Acacia | Wells Fargo | 6320 | Tuesday, January 24, 2012 | $5,000.00 |
| 27-FY | Acacia | Wells Fargo | 6320 | Wednesday, February 01, 2012 | $5,500.00 |
| 27-FZ | Acacia | Wells Fargo | 6320 | Friday, February 03, 2012 | $5,000.00 |
| 27-GA | Acacia | Wells Fargo | 6320 | Thursday, February 09, 2012 | $1,500.00 |
| 27-GB | Acacia | Wells Fargo | 6320 | Monday, February 13, 2012 | $4,000.00 |
| 27-GC | Acacia | Wells Fargo | 6320 | Friday, February 17, 2012 | $4,500.00 |
| 27-GD | Acacia | Wells Fargo | 6320 | Friday, February 17, 2012 | $5,000.00 |
| 27-GE | Four Corner | Wells Fargo | 2420 | Friday, March 30, 2012 | $9,500.00 |
| 27-GF | Four Corner | Wells Fargo | 0622 | Monday, April 02, 2012 | $9,500.00 |
| 27-GG | Four Corner | Wells Fargo | 0622 | Tuesday, April 03, 2012 | $9,500.00 |
| 27-GH | Four Corner | Wells Fargo | 0622 | Wednesday, April 04, 2012 | $9,500.00 |
| 27-GI | Four Corner | Wells Fargo | 0622 | Thursday, April 05, 2012 | $1,998.00 |
| 27-GJ | Four Corner | Wells Fargo | 0622 | Monday, April 09, 2012 | $9,500.00 |
| 27-GK | Four Corner | Wells Fargo | 0622 | Tuesday, April 10, 2012 | $9,500.00 |
| 27-GL | Four Corner | Wells Fargo | 0622 | Wednesday, April 11, 2012 | $9,500.00 |
| 27-GM | Four Corner | Wells Fargo | 0622 | Thursday, April 12, 2012 | $9,500.00 |
| 27-GN | Four Corner | Wells Fargo | 2420 | Friday, April 13, 2012 | $8,000.00 |
| 27-GO | Four Corner | Wells Fargo | 0622 | Monday, April 16, 2012 | $9,500.00 |
| 27-GP | Four Corner | Wells Fargo | 0622 | Tuesday, April 17, 2012 | $9,500.00 |
| 27-GQ | Four Corner | Chase | 7268 | Wednesday, April 25, 2012 | $9,500.00 |
| 27-GR | Four Corner | Chase | 7268 | Friday, April 27, 2012 | $8,000.00 |
| 27-GS | Four Corner | Chase | 7268 | Monday, April 30, 2012 | $9,500.00 |
| 27-GT | Four Corner | Chase | 7268 | Tuesday, May 01, 2012 | $9,500.00 |
| 27-GU | Four Corner | Chase | 7268 | Wednesday, May 02, 2012 | $8,000.00 |
| 27-GV | Four Corner | Chase | 7268 | Friday, May 04, 2012 | $9,700.00 |
| 27-GW | Four Corner | Chase | 7268 | Thursday, May 10, 2012 | $9,000.00 |
| 27-GX | Four Corner | Chase | 7268 | Tuesday, May 15, 2012 | $2,700.00 |
| 27-GY | Four Corner | Comerica | 4261 | Wednesday, May 16, 2012 | $6,000.00 |
| 27-GZ | Four Corner | Chase | 7268 | Wednesday, May 16, 2012 | $9,500.00 |
| 27-HA | Four Corner | Chase | 7268 | Thursday, May 17, 2012 | $9,000.00 |
| 27-HB | Four Corner | Chase | 7268 | Thursday, May 24, 2012 | $7,698.00 |

| Paragraph | Company | Financial Institution | Account Ending | Date | Amount Withdrawn |
|---|---|---|---|---|---|
| 27-HC | Four Corner | Comerica | 4261 | Friday, May 25, 2012 | $9,500.00 |
| 27-HD | Four Corner | Comerica | 4261 | Saturday, May 26, 2012 | $9,500.00 |
| 27-HE | Four Corner | Chase | 7479 | Tuesday, May 29, 2012 | $9,480.00 |
| 27-HF | Four Corner | Comerica | 4261 | Thursday, May 31, 2012 | $9,500.00 |
| 27-HG | Four Corner | Chase | 7268 | Thursday, May 31, 2012 | $9,500.00 |
| 27-HH | Four Corner | Comerica | 4261 | Friday, June 01, 2012 | $9,500.00 |
| 27-HI | Four Corner | Chase | 7268 | Friday, June 01, 2012 | $9,500.00 |
| 27-HJ | Four Corner | Comerica | 4261 | Monday, June 04, 2012 | $9,500.00 |
| 27-HK | Four Corner | Chase | 7268 | Monday, June 04, 2012 | $8,000.00 |
| 27-HL | Four Corner | Chase | 7268 | Wednesday, June 06, 2012 | $9,000.00 |
| 27-HM | Four Corner | Comerica | 4261 | Friday, June 08, 2012 | $8,000.00 |
| 27-HN | Four Corner | Comerica | 4261 | Monday, June 11, 2012 | $6,000.00 |
| 27-HO | Four Corner | Comerica | 4261 | Tuesday, June 12, 2012 | $6,500.00 |
| 27-HP | Four Corner | Comerica | 4261 | Wednesday, June 13, 2012 | $5,000.00 |
| 27-HQ | Four Corner | Comerica | 4261 | Thursday, June 14, 2012 | $5,000.00 |
| 27-HR | Four Corner | Comerica | 4261 | Friday, June 15, 2012 | $7,500.00 |
| 27-HS | Four Corner | Comerica | 4261 | Monday, June 18, 2012 | $7,500.00 |
| 27-HT | Four Corner | Comerica | 4261 | Tuesday, June 19, 2012 | $5,000.00 |
| 27-HU | Four Corner | Comerica | 4261 | Wednesday, June 20, 2012 | $5,000.00 |
| 27-HV | Four Corner | Comerica | 4261 | Thursday, June 21, 2012 | $9,500.00 |
| 27-HW | Four Corner | Chase | 7268 | Thursday, June 21, 2012 | $9,500.00 |
| 27-HX | Four Corner | Chase | 7268 | Friday, June 22, 2012 | $9,500.00 |
| 27-HY | Four Corner | Comerica | 4261 | Saturday, June 23, 2012 | $9,500.00 |
| 27-HZ | Four Corner | Chase | 7268 | Monday, June 25, 2012 | $2,500.00 |
| 27-IA | Four Corner | Comerica | 4261 | Friday, June 29, 2012 | $7,500.00 |
| 27-IB | Four Corner | Comerica | 4261 | Monday, July 02, 2012 | $9,500.00 |
| 27-IC | Four Corner | Comerica | 4261 | Thursday, July 05, 2012 | $6,000.00 |
| 27-ID | Four Corner | Comerica | 4261 | Friday, July 06, 2012 | $4,750.00 |
| 27-IE | Four Corner | Comerica | 4261 | Friday, July 13, 2012 | $7,500.00 |
| 27-IF | Four Corner | Comerica | 4261 | Saturday, July 21, 2012 | $9,000.00 |
| 27-IG | Four Corner | Chase | 7268 | Saturday, July 21, 2012 | $8,500.00 |

All in violation of 18 United States Code, Section 371.

## COUNT TWO
### (Conspiracy to Commit Money Laundering)

28.     Paragraphs 1 – 17 and Paragraphs 22-27 are re-alleged and incorporated by reference herein.

29.     COLEMAN made an agreement with co-conspirator, Alex Oria, and others known and unknown to the Grand Jury, to facilitate the fraudulent sale of second-hand prescription medications to Green Valley. Oria was a broker in a national, underground market supplied by a scheme to defraud Medicaid of hundreds of millions of dollars. The prescription medications involved in this scheme had been dispensed to Medicaid recipients in New York and elsewhere who then sold them on the streets for pennies on the dollar. Oria dealt in wholesale amounts of these prescription medications that had been illegally diverted into underground distribution channels. The Medicaid program would not have paid the claims by the original recipients of the drugs if the recipients had disclosed that they were selling the drugs to third parties.

30.     Acacia and Four Corner purported to be legitimate wholesale distributors of pharmaceuticals licensed and operating in Mississippi, but in fact, were nominee corporations COLEMAN caused to be formed to facilitate Oria's sale of the second-hand prescription drugs to Green Valley.

31.     Federal regulations require wholesale distributors of prescription medications to provide to a buyer a written statement identifying each prior sale, purchase, or trade of the drugs being sold. This statement, called a "pedigree," must provide the business name and address of all parties to these prior transactions, starting with the manufacturer.

32.     COLEMAN, WEATHERSBY, and others known and unknown to the Grand Jury, created false pedigrees containing false representations regarding the source of the prescription medications and the number of prior sales, purchases, and trades of the prescription medications between Acacia and Four Corner and the manufacturer.

33.     Green Valley would and did withhold payment for the prescription medications shipped to Green Valley by Acacia and Four Corner until it had received these false pedigrees.

34.     From on or about March 18, 2011, through at least July 23, 2012, in the Southern District of Texas and elsewhere, the defendants, KENNETH J. COLEMAN, MARCUS T. WEATHERSBY, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree to commit the following offenses:

a)   to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and involving the proceeds of a specified unlawful activity, that is, health care fraud, in violation of Title 18, United States Code, Section 1347, with the intent to promote the carrying on of such specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

11

b) to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and involving the proceeds of a specified unlawful activity, that is, health care fraud, in violation of Title 18, United States Code, Section 1347, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Purpose and Object of the Conspiracy

35.    It was the purpose and object of the conspiracy, for the Defendants KENNETH J. COLEMAN, MARCUS T. WEATHERSBY and others to unlawfully enrich themselves by using the proceeds generated from the illegal sale of second-hand prescription medications.

## Manner and Means of Money Laundering Conspiracy

36.    The Defendants would and did deposit and caused to be deposited, cash or wire-transferred funds, or a combination thereof, into nominee business bank accounts.

37.    The Defendants would and did withdraw and cause the withdrawal of proceeds from the illegal sale of second-hand prescription medications from nominee business bank accounts in order to purchase prescription medications for resale.

38.    The Defendants would and did withdraw and cause the withdrawal of cash from nominee business bank accounts.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE
### (Tax Evasion - Acacia Pharma Distributors, Inc.)

39.    Paragraphs 1-17, Paragraphs 22-26, and Paragraphs 36-38 are re-alleged and incorporated by reference herein.

40.    During the calendar year 2011, Acacia Pharma Distributors, Inc., a corporation that had its principal place of business in Harris County, Texas, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts, and that Acacia Pharma Distributors, Inc. neither made an income tax return on or before March 15, 2012, as required by law, to any proper officer of the Internal Revenue Service, nor paid the income tax to the Internal Revenue Service, KENNETH J. COLEMAN, from on or about January 1, 2011, through at least on or about March 15, 2012, in the Southern District of Texas and elsewhere, willfully attempted to evade and defeat income tax due and owing by Acacia Pharma Distributors, Inc. for the calendar year 2011, by, among other things, structuring cash withdrawals from corporate bank accounts to conceal the unreported income.

All in violation of Title 26, United States Code, Section 7201.

## COUNT FOUR
### (Failure to File - Acacia Pharma Distributors, Inc.)

41.     Paragraphs 1-17, Paragraphs 22-26, and Paragraphs 36-38 are re-alleged and incorporated by reference herein.

42.     During the calendar year 2011, the defendant, KENNETH J. COLEMAN, was the owner of Acacia Pharma Distributors, Inc., a corporation not expressly exempt from tax, with its principal place of business in Harris County, Texas. He therefore was required by law, after the close of the calendar year 2011 and on or before March 15, 2012, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Ogden, Utah, or to the person assigned to receive returns at the local office of the Internal Revenue Service, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2012, in the Southern District of Texas and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT FIVE
### (Failure to File – Kenneth J. Coleman)

43.     Paragraphs 1-17, Paragraphs 22-27, and Paragraphs 36-38 are re-alleged and incorporated by reference herein.

44.     During the calendar year 2011, KENNETH J. COLEMAN, while residing within the jurisdiction of the Southern District of Texas, had and received gross income in excess of $19,000. By reason of such gross income, he was required by law, following the close of the calendar year 2011 and on or before April 17, 2012, to make an income tax return to the Internal Revenue Service Center, at Austin, Texas, or to the person assigned to receive returns at the local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 17, 2012, in the Southern District of Texas and elsewhere, to make an income tax return.

All in violation of Title 26, United States Code, Section 7203.

## COUNT SIX
### (Tax Evasion - Four Corner Suppliers, Inc.)

45.     Paragraphs 1-17, Paragraphs 22-26, and Paragraphs 36-38 are re-alleged and incorporated by reference herein.

46.     During the calendar year 2012, Four Corner Suppliers, Inc., a corporation that had its principal place of business in Harris County, Texas, received taxable income, upon which there was income tax due and owing to the United States of America. Knowing the foregoing facts, and that Four Corner Suppliers, Inc. neither made an income tax return on or before March

15, 2013, as required by law, to any proper officer of the Internal Revenue Service, nor paid the income tax to the Internal Revenue Service, KENNETH J. COLEMAN, from on or about January 1, 2012, through at least on or about March 15, 2013, in the Southern District of Texas and elsewhere, willfully attempted to evade and defeat income tax due and owing by Four Corner Suppliers, Inc. for the calendar year 2012, by committing the following affirmative acts, among others:

      a.  structuring cash withdrawals from corporate bank accounts to conceal the unreported income; and

      b.  falsely stating to CC-1 that COLEMAN would assume all responsibility for filing federal tax returns for Four Corner.

All in violation of Title 26, United States Code, Section 7201.

## COUNT SEVEN
### (Failure to File - Four Corner Suppliers, Inc.)

47.     Paragraphs 1-17, Paragraphs 22-26, and Paragraphs 36-38 are re-alleged and incorporated by reference herein.

48.     During the calendar year 2012, the defendant, KENNETH J. COLEMAN, was the owner of Four Corner Suppliers, Inc., a corporation not expressly exempt from tax, with its principal place of business in Harris County, Texas. He therefore was required by law, after the close of the calendar year 2012 and on or before March 15, 2013, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service Center, at Ogden, Utah, or to the person assigned to receive returns at the local office of the Internal Revenue Service, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, he did willfully fail, on or about March 15, 2013, in the Southern District of Texas and elsewhere, to make an income tax return at the time required by law.

All in violation of Title 26, United States Code, Section 7203.

## COUNT EIGHT
### (Willfully Filing a Materially False Return – Kenneth J. Coleman)

49.     Paragraphs 1-17, Paragraphs 22-27, and Paragraphs 36-38 are re-alleged and incorporated by reference herein.

50.     On or about June 19, 2014, in the Southern District of Texas, KENNETH J. COLEMAN did willfully make and subscribe an IRS Form 1040, U.S. Individual Income Tax Return, for the calendar year 2012, which was verified by a written declaration that it was made under the penalties of perjury and which KENNETH J. COLEMAN did not believe to be true and correct as to every material matter. That income tax return, which was filed with the IRS, reported on line 22 that Coleman earned zero income, whereas, as the defendant then and there knew and believed, he had earned taxable income during tax year 2012.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE
### (Willfully Filing a Materially False Return)

51. Paragraphs 1-17, Paragraphs 22-26, and Paragraphs 36-38 are re-alleged and incorporated by reference herein.

52. Keygrip Wholesaler, Inc. ("Keygrip") was a South Dakota corporation incorporated on July 12, 2012. Keygrip had a physical office in Rapid City, South Dakota; however, Keygrip primarily transacted business within Harris County, Texas. KENNETH J. COLEMAN was the president of Keygrip.

53. On or about August 13, 2014, in the Southern District of Texas, KENNETH J. COLEMAN did willfully make and subscribe an IRS Form 1040, U.S. Individual Income Tax Return, for the calendar year 2013, which was verified by a written declaration that it was made under the penalties of perjury and which KENNETH J. COLEMAN did not believe to be true and correct as to every material matter. That income tax return, which was filed with the IRS, reported on line 22 that KENNETH J. COLEMAN earned income in the amount of $23,564.75, an amount that corresponded to purported dividends paid to the defendant from Keygrip. These purported dividends were derived from Keygrip's 2013 IRS Form 1120, U.S. Corporation Income Tax Return; however, as the defendant then and there knew and believed, Keygrip's 2013 federal tax return falsely overstated expenses and understated payments to KENNETH J. COLEMAN. The defendant therefore then and there knew and believed that he had earned more than $23,564.75 of taxable income during tax year 2013.

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION

54. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1) and Title 31, United States Code, Section 5317.

55. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, and pursuant to Title 31, United States Code, Section 5317, upon conviction of a conspiracy to violate Sections 5324(a)(1) and 5324(a)(3) of Title 31, in violation of Title 18, United States Code, Section 371, the defendants, KENNETH J. COLEMAN and MARCUS T. WEATHERSBY shall forfeit to the United States of America all property, real or personal, involved in the offense and any property traceable thereto. The property to be forfeited includes, but is not limited to, the following:

<u>Money Judgment</u>:

A sum of money equal to the amount of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to violations of the money laundering conspiracy and structuring conspiracy offenses set forth in this indictment.

56.     If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c) and Title 28, United States Code, Section 2461(c).

ORIGINAL SIGNATURE ON FILE

FOREPERSON

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY

By:

Sean Beaty
Trial Attorney, Tax Division
U.S. Department of Justice

Terri-Lei O'Malley
Trial Attorney, Tax Division
U.S. Department of Justice