UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED
FEB 16 2018
David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. 17-CR-0156-2 |
| MARCUS T. WEATHERSBY | § § | |

## PLEA AGREEMENT

The United States of America, by and through Richard E. Zuckerman, Principal Deputy

Assistant Attorney General, Department of Justice, Tax Division, and Sean Beaty and Terri-Lei

O'Malley, Trial Attorneys, Department of Justice, Tax Division, and Marcus T. Weathersby

("Defendant"), and Defendant's counsel, Ashley Kaper, pursuant to Rule 11(c)(1)(A) and

11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an

agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.     Defendant agrees to plead guilty to Count Two of the Indictment charging

Defendant with conspiracy to commit money laundering in violation of Title 18, United States

Code, Section 1956(h). Defendant, by entering this plea, agrees that he is waiving any right to

have the facts that the law makes essential to the punishment either (i) charged in the Indictment,

(ii) proved to a jury, or (iii) proven beyond a reasonable doubt.

### Punishment Range

2.     The statutory maximum penalty for a violation of Title 18, United States Code,

Section 1956, is imprisonment of not more than 20 years and a fine of not more than $500,000.

Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3

years. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2). Defendant

acknowledges and understands that if he should violate the conditions of any period of supervised release that may be imposed as part of his sentence, Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.      Pursuant to Title 18, United States. Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00). The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

5.      Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255,

affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to appeal on the grounds of: (1) ineffective assistance of counsel; (2) a sentence that exceeds the statutory maximum penalty; or (3) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender. If the government, however, exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then Defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

8.     The United States agrees to each of the following:

(a)     Defendant is subject to a base offense level of eight (8) pursuant to Section 2S1.1(a)(2) of the Sentencing Guidelines;

(b)     Defendant's relevant conduct for sentencing purposes is $2,991,867.76, calculated from (i) funds received from purchasers of diverted prescription drugs, (ii) funds paid to illicit suppliers and co-conspirators, and (iii) structured cash transactions withdrawing funds from bank accounts, corresponding to a sixteen (16) level enhancement pursuant to Sections 2S1.1(a)(2) and 2B1.1(b)(1)(I) of the Sentencing Guidelines. Defendant understands, however, that any agreement between the United States and Defendant regarding his relevant conduct is not binding upon the U.S. Probation Office or the U.S. District Court;

(c)     Defendant is subject to a two (2) level enhancement for conviction under 18 U.S.C. § 1956 pursuant to Section 2S1.1(b)(2)(B) of the Sentencing Guidelines;

(d)     Defendant is subject to a three (3) level role enhancement as a manager or supervisor of the scheme pursuant to Section 3B1.1(b) of the Sentencing Guidelines;

(e)     Defendant is eligible for a two (2) level reduction in his total offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines;

(f)     If Defendant has complied with all of the terms of this plea agreement and the United States District Court determines that Defendant's offense level is 16 or greater and it further determines that Defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States will move the Court for an additional one (1) level downward adjustment based on the timeliness of the plea or the expeditious manner;

(g)     If the Court accepts this plea agreement and the defendant fully complies with it and persists in his plea of guilty through sentencing and entry of judgment, the United States will dismiss the remaining count of the Indictment against Defendant after he has been sentenced and will not charge Defendant with any further offenses in connection with the factual basis underlying this plea agreement.

## Agreement Binding

9.     The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas, the Tax Division of the U.S. Department of Justice, and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

10.     The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12.     Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree;

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

13.     Defendant is pleading guilty because he is in fact guilty of the charges contained in Count Two of the Indictment. By signing this agreement, Defendant agrees that, if this case were to proceed to trial, the United States would prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

14.     Kenneth J. Coleman ("Coleman") and Defendant were knowing participants in a scheme to facilitate the fraudulent sale of second-hand prescription medications to Utah-based Green Valley Medical Distributors, LLC ("Green Valley"). The prescription medications involved in this scheme had been dispensed in New York and elsewhere to Medicaid recipients who then sold them on the streets for pennies on the dollar. These prescription medications were

aggregated and illegally diverted into underground distribution channels. The Medicaid program would not have paid the claims by the original recipients of the drugs if those recipients had disclosed that they were reselling the drugs to third parties.

15.     In December 2010, in furtherance of this scheme and at Coleman's direction, Defendant established Acacia Pharma Distributors, Inc. ("Acacia") as a Mississippi corporation. Defendant was listed as the incorporator and registered agent of Acacia; however, Coleman was the true beneficial owner of this corporation and maintained complete control over Acacia.

16.     In July 2011, in furtherance of this scheme and at Coleman's direction, Defendant drove Darryl Colbert ("Colbert") to Mississippi and instructed Colbert to incorporate Four Corner Suppliers, Inc. ("Four Corner"). Although Colbert was listed as the incorporator and registered agent of Four Corner, Coleman was the true beneficial owner of this corporation and maintained complete control over Four Corner.

17.     Acacia and Four Corner purported to be legitimate wholesale distributors of pharmaceuticals licensed and operating in Mississippi, but in fact, Coleman and Defendant used these corporations to facilitate the second-hand sale of prescription drugs to Green Valley.

18.     At Coleman's direction and in furtherance of the scheme, Defendant opened bank accounts held in the name of Acacia. Defendant also drove Colbert to various banks and instructed him to open accounts in the name of Four Corner.

19.     Coleman and others knew that federal regulations required wholesale distributors of prescription medications to provide to a buyer a written statement identifying each prior sale, purchase, or trade of the drugs. This statement, called a "pedigree," had to provide the business name and address of all parties to these prior transactions, starting with the manufacturer.

20.     Coleman and others created false pedigrees containing false representations regarding the source of the prescription medications and the number of prior sales, purchases, and trades of the prescription medications between Acacia and Four Corner and the manufacturer. Green Valley would and did withhold payment for the prescription medications shipped to Green Valley by Acacia and Four Corner until it had received these false pedigrees.

21.     Coleman and Defendant knew that banks that facilitated a currency transaction involving more than $10,000 in U.S. currency were required by law to file a report of the transaction, known as a Currency Transaction Report ("CTR"), with the United States Department of the Treasury.

22.     Between February 4, 2011, and July 21, 2012, Defendant, acting at Coleman's direction, withdrew or caused others to withdraw $2,991,867.76 in U.S. currency from bank accounts held in the names of Acacia and Four Corner. Defendant withdrew or caused others to withdraw currency in amounts under $10,000 per transaction in an effort to prevent the banks from preparing CTRs. Defendant delivered this cash to Coleman or Coleman's designee.

23.     Coleman, and to a lesser extent, Defendant, unlawfully enriched themselves by using the proceeds generated from the illegal sale of second-hand prescription medications. In conjunction with the scheme described above, Coleman and Defendant laundered more than $2.9 million through the bank accounts held in the names of Acacia and Four Corner, including funds received from Green Valley for the purchase of diverted prescription drugs, funds paid to illicit suppliers and co-conspirators, and structured cash withdrawals.

24.     Unless specified otherwise, all of the above acts took place within the jurisdiction of Houston Division of the U.S. District Court for the Southern District of Texas.

## Breach of Plea Agreement

25.     If Defendant should fail in any way to fulfill completely all of the obligations

under this plea agreement, the United States will be released from its obligations under the plea

agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains,

conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly

withholds evidence or is otherwise not completely truthful with the United States, then the

United States may move the Court to set aside the guilty plea and reinstate prosecution. Any

information and documents that have been disclosed by Defendant, whether prior to or

subsequent to this plea agreement, and all leads derived therefrom, will be used against

defendant in any prosecution.

26.     Whether Defendant has breached any provision of this plea agreement shall be

determined solely by the United States through the Department of Justice, Tax Division, whose

judgment in that regard is final.

## Restitution, Forfeiture, and Fines – Generally

27.     This Plea Agreement is being entered into by the United States on the basis of

Defendant's express representation that he will make a full and complete disclosure of all assets

over which he exercises direct or indirect control, or in which he has any financial interest.

Defendant agrees not to dispose of any assets or take any action that would effect a transfer of

property in which he has an interest, unless Defendant obtains the prior written permission of the

United States.

28.     Defendant agrees to make complete financial disclosure by truthfully executing a

sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea

agreement. Defendant agrees to authorize the release of all financial information requested by the

United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks that have custody of his assets to deliver all funds and records of such assets to the United States.

29. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

30. The Indictment against Defendant included a forfeiture allegation seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(1) and 31 U.S.C. § 5317 of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense alleged in Counts One and Two of the Indictment.

31. Defendant admits to the forfeiture allegation in the Indictment and Defendant consents to the imposition of a money judgment in the amount of $2,991,867.76 in United States currency, representing property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 31 U.S.C. § 5317. Pursuant to Rule 32.2(b) (4) of the Federal Rules of Criminal Procedure, Defendant will stipulate to the entry

of a Consent Preliminary Order of Forfeiture/Money Judgment. That Order will be final as to Defendant, and it shall be deemed part of the Defendant's sentence, and shall be included in the judgment of conviction. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the forfeiture order imposed by the Court.

32.     Defendant agrees to make all payments on the Money Judgment by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of Texas, Attn: Asset Forfeiture Unit, 1000 Louisiana, Suite 2300, Houston, Texas 77002, and shall indicate Defendant's name and case number.

### Fines

33.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

34.     This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant

acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

35.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed in Houston, Texas, on FEBRUARY 16, 2018.

_____
MARCUS T. WEATHERSBY

Subscribed and sworn to before me on FEBRUARY 16, 2018.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

_____
Deputy United States District Clerk

APPROVED

RICHARD E. ZUCKERMAN
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL
DEPARTMENT OF JUSTICE, TAX DIVISION

_____
Sean Beaty, Trial Attorney
Terri-Lei O'Malley, Trial Attorney
U.S. Department of Justice, Tax Division
Criminal Enforcement Section, Southern Region
601 D St., NW, Seventh Floor
Washington, DC  20579
(202) 616-2717
Sean.P.Beaty@usdoj.gov

_____
Ashley Kaper
Assistant Federal Public Defender
Southern District of Texas
440 Louisiana, Ste. 1350

13

Houston, TX 77002
(713) 718-4600
Ashley_Kaper@fd.org

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 17-CR-0156-2** |
| | § | |
| | § | |
| **MARCUS T. WEATHERSBY** | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the Indictment. I have

reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and

Policy Statements, and I have fully and carefully explained to Defendant the provisions of those

Guidelines, which may apply in this case. I have also explained to Defendant that the Sentencing

Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed

by statute per count of conviction. Further, I have carefully reviewed every part of this plea

agreement with Defendant. To my knowledge, Defendant's decision to enter into the agreement

is an informed and voluntary one.

_____                     2/16/2018
Ashley Kaper                                          _____
Attorney for Defendant                                Date

I have consulted with my attorney and fully understand all my rights with respect to the Criminal Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.


_____          2/16/2018
Marcus T. Weathersby                     Date
Defendant